Philip D, Stern
Andrew T. Thomasson
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
(973) 379-7500

*Attorneys for Plaintiffs, Jorge Matute
and Doris Matute*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE MATUTE and DORIS MATUTE, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>*vs.*<br><br>A.A. ACTION COLLECTION CO., INC.; JAMES BENDER, ESQ.; TODD BANK, Individually and in his official capacity; and JOHN DOES 2-10,<br><br>Defendants. | Case No.: 2:16-cv-08863-WHW-CLW<br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiffs, Jorge Matute and Doris Matute, individually and on behalf of all others similarly situated, by way of this Amended Complaint against Defendants, A.A. Action Collection Co., Inc. ("ACTION"), Todd Bank ("BANK") James Bender, Esq. ("BENDER"), and John Does 2-10 ("DOES") (collectively, "Defendants"), say:

### I.    Nature of the Action.

1.    This action stems from the Defendants' conduct when attempting to collect consumer debts in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.

### II.    Parties.

2.    Jorge Matute is a natural person.

3.    At all times relevant to the factual allegations of this Complaint, Jorge Matute

was a citizen of the State of New Jersey, residing in Union County, New Jersey.

4.  Doris Matute is a natural person.

5.  At all times relevant to the factual allegations of this Complaint, Doris Matute was a citizen of the State of New Jersey, residing in Union County, New Jersey.

6.  Jorge Matute and Doris Matute are husband and wife and reside in the same home.

7.  At all times relevant to the factual allegations of this Complaint, ACTION was a for-profit New Jersey corporation.

8.  On information and belief, a principal business location of ACTION is 29 Columbia Turnpike, Suite 303, Florham Park, New Jersey 07932.

9.  At all times relevant to the factual allegations of this Complaint, BENDER was an attorney at law licensed by the Supreme Court of the State of New Jersey.

10.  On information and belief, BENDER's law office is located at 29 Columbia Turnpike, Suite 302, Florham Park, New Jersey 07932.

11.  Since the filing of this action, Plaintiffs have identified BANK as JOHN DOE NUMBER 1.

12.  Plaintiffs are informed and believe, and on that basis allege that, at all times relevant to the factual allegations of this Complaint, BANK was a citizen of the State of New Jersey and resided in the community of Short Hills, which is within Millburn Township, Essex County, New Jersey.

13.  BANK is a principal owner, officer, director, shareholder, and/or managing employee of ACTION.

14.  BANK attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail,

telephone, and Internet.

15.     BANK personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, oversaw, and profited from all the illegal policies and procedures used by himself and other employees of ACTION and BENDER complained of herein.

16.     Defendants, JOHN DOES 2-10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

17.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN DOES 2-10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted, and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal policies and procedures, used by themselves and employees of ACTION and BENDER that are the subject of this complaint. Those Defendants personally control and engaged in the illegal acts, policies, and practices utilized by ACTION and BENDER and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint

## III.     Jurisdiction and Venue.

18.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because each of the Defendants regularly transacts business within this

federal judicial district and, therefore, resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

**IV.    Legal Bases for FDCPA Claims.**

20.    The legal bases for the claims arising under the FDCPA are set forth in the attached **Schedule "A"**.

**V.    Facts.**

21.    Each Defendant is regularly engaged in the collection of debts.

22.    Each Defendant is a business the principal purpose of which is the collection of debts.

23.    Each Defendant regularly collects or attempts to collect debts alleged to owed others.

24.    In attempting to collect debts, each Defendant uses the mails, telephone, the Internet and other instruments of interstate commerce.

### A.  The Doris Debt.

25.    Defendants have asserted that Doris Matute incurred or owed a financial obligation ("Doris Debt") to Jack J. Zuber DDS ("Zuber") for dental services provided to her.

26.    Defendants have attempted to collect the Doris Debt.

27.    Defendants contend the Doris Debt is in default.

28.    The Doris Debt is alleged to have been in default at the time it was placed with, obtained by or assigned to each Defendant.

29.    In an attempt to collect the Doris Debt, ACTION mailed Doris Matute a letter dated November 30, 2105, a true and correct copy of which is attached as **Exhibit "A"**.

30.     The amount alleged to be due in that letter was not the amount actually due and owing.

31.     That letter included, among other things, direction for the recipient to pay the alleged debt through a website, "http://actionpaymentcenter.com." That website permits payments provided that the payor pays a service fee of $5.95. See **Exhibit "G"**.

32.     On information and belief, Doris Matute never agreed to pay any service fee in connection with any money which she might owe to Zuber.

33.     In an attempt to collect the Doris Debt, ACTION mailed Doris Matute a letter dated January 4, 2106, a true and correct copy of which is attached as **Exhibit "B"**.

34.     The amount alleged to be due in that letter was not the amount actual due and owing.

35.     That letter included, among other things, direction for the recipient to pay the alleged debt through a website, "http://actionpaymentcenter.com." That website permits payments provided that the payor pays a service fee of $5.95. See **Exhibit "G"**.

36.     On information and belief, Doris Matute never agreed to pay any service fee in connection with any money which she might owe to Zuber.

37.     In an attempt to collect the Doris Debt, BENDER mailed Doris Matute a letter dated February 9, 2016, a true and correct copy of which is attached as **Exhibit "C"**.

38.     The amount alleged to be due in that letter was not the amount actual due and owing.

39.     In an attempt to collect the Doris Debt, BENDER commenced an action on October 29, 2016 against Doris Matute by filing a complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Division designated in that court by Docket No. UNN-SC-1151-16 which complaint demanded $944.45 plus costs. A true and correct copy of the complaint is attached as **Exhibit "D"**.

40.    The amount alleged to be due in that complaint was not the amount actual due and owing.

41.    That complaint was signed, filed and served without meaningful attorney involvement such that it was not the product of an attorney's professional judgment after a reasonable investigation.

42.    The complaint was served by mail along with a notice scheduling the trial date for November 15, 2016.

### B. *The Jorge Debt.*

43.    Defendants have asserted that Jorge Matute incurred or owed a financial obligation ("Jorge Debt") to Jack J. Zuber DDS for dental services provided to him.

44.    Defendants have attempted to collect the Jorge Debt.

45.    Defendants contend the Jorge Debt is in default.

46.    The Jorge Debt is alleged to have been in default at the time it was placed with, obtained by or assigned to each Defendant.

47.    In an attempt to collect the Jorge Debt, ACTION mailed Jorge Matute a letter dated on or about November 30, 2105, a true and correct copy of which is substantially similar to **Exhibit "A"**.

48.    The amount alleged to be due in that letter was not the amount actual due and owing.

49.    In an attempt to collect the Jorge Debt, ACTION mailed Jorge Matute a letter dated on January 4, 2106, a true and correct copy of which is substantially similar to **Exhibit "B"**, a true copy of which appears as **Exhibit "E"**.

50.    The amount alleged to be due in that letter was not the amount actual due and owing.

51.     That letter included, among other things, direction for the recipient to pay the alleged debt through a website, "http://actionpaymentcenter.com." That website permits payments provided that the payor pays a service fee of $5.95. See **Exhibit "G"**.

52.     On information and belief, Jorge Matute never agreed to pay any service fee in connection with any money which he might owe to Zuber.

53.     In an attempt to collect the Jorge Debt, BENDER mailed Jorge Matute a letter dated on or about February 9, 2016, a true and correct copy of which is substantially similar to **Exhibit "C"**.

54.     The amount alleged to be due in that letter was not the amount actual due and owing.

55.     In an attempt to collect the Jorge Debt, BENDER commenced an action on October 29, 2016 against Jorge Matute by filing a complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Division designated in that court by Docket No. UNN-SC-1150-16. A true and correct copy of the complaint is attached as **Exhibit "F"**.

56.     The amount alleged to be due in that complaint was not the amount actual due and owing.

57.     That complaint was signed, filed and served without meaningful attorney involvement such that it was not the product of an attorney's professional judgment after a reasonable investigation.

58.     The complaint was served by mail along with a notice scheduling the trial date for November 15, 2016.

### C.  The Collection Trials.

59.     Pursuant to New Jersey Court Rules, there is no responsive pleading to the complaints filed by BENDER. Instead, each Defendant responded to the respective complaint by appearing for trial.

60.   On November 15, 2016, Doris Matute and Jorge Matute each appeared for trial through counsel.

61.   Their counsel responded to the calendar call as did BENDER.

62.   BENDER also answered the call for other cases he brought to collect debts on behalf of Zuber and other health care providers.

63.   Following the call, all "ready" cases (*i.e.*, cases where both sides had appeared) were assigned to mediation with trial to occur if mediation was unsuccessful.

64.   As cases brought by BENDER were assigned to mediation, BENDER indicated that either he or his non-attorney assistant (later identified as Sharonda Sanders) would handle the mediation on behalf of BENDER's client. When the cases against the Matutes were called, BENDER indicated he would be handling the mediations.

65.   At BENDER's request, the mediation of the claims against Jorge Matute was addressed first rather than addressing both cases together. BENDER then presented what he purported to be a printout of a complete statement of account to which there was a handwritten addition of amount for finance charges.

66.   The statement of account included many errors, omissions, and discrepancies.

67.   In response, Jorge's counsel began with two responses: (1) the statement failed to reflect any computation of handwritten finance charges and BENDER had failed to assert any basis for such charges and (2) the statement failed to reflect a payment for which Jorge had proof by way his bank's copy of his cleared checked.

68.   In reply to the finance charge issue, BENDER admitted there was no copy of any written agreement between Jorge Matute and his client in his file and, therefore, if Jorge Matute agreed to a payment plan for the balance, finance charges could be waived.

69.   In reply to the unrecorded payment in his client's records, BENDER reported he would need to confer with his client but that only his assistant could contact the client. That assistant, Sanders, was involved in a mediation regarding another matter.

Consequently, the mediation on Jorge Matute's case was suspended until Sanders was available.

70.    When Sanders became available, the mediation re-convened. Sanders then reported she had called Zuber's office and was informed the statement of account was accurate notwithstanding the omission of Matute's payment. Consequently, BENDER's unwavering position was that the full amount claimed to be due was due.

71.    On that basis, the mediator observed there was nothing to mediate and, given BENDER's position, there was nothing to mediate in the case against Doris Matute. Consequently, the cases were returned to the court for trial.

72.    Together, the two cases were assigned to a judge for trial.

73.    After the court denied BENDER's adjournment request and informed BENDER the court would not grant a dismissal without prejudice unless conditioned on payment of the Matutes' counsel fees and any lost work, BENDER sought and was granted a recess. Upon return from the recess, BENDER sought dismissal with prejudice as to both cases.

## VI.    Policies and Practices.

74.    It is the policy and practice of Defendants to send written collection communications, as described above, in connection with their attempts to collect alleged consumer debts, which make false, deceptive, and misleading representations in violation of the FDCPA.

75.    Such policy and practice is in violation of the FDCPA.

## VII.    Class Allegations.

76.    Plaintiffs bring this action individually and as a class action on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

77.    Subject to discovery and further investigation which may cause Plaintiffs to modify the following class definition to be more inclusive or less inclusive, Plaintiffs

define the "Class" as set forth in the attached **Schedule "B"**.

78.     Subject to discovery and further investigation which may cause Plaintiffs to modify the following definition of the "Class Claims" to be more inclusive or less inclusive, Plaintiffs define the Class Claims as set forth in the attached **Schedule "C"**.

79.     Based on discovery and further investigation (including, but not limited to, disclosure of class size and net worth by Defendants), Plaintiffs may, in addition to moving for class certification using modified definitions of the Class and Class Claims, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

80.     The identity of each member of the Class is readily ascertainable from the records of the Defendants and those records of the entity on whose behalf they were seeking to collect debts.

81.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

81.01.   ***Numerosity***. Plaintiffs are informed and believe, and on that basis allege, the members of the Class are so numerous that joinder of all members would be impractical. On information and belief, there are more than 40 members of the Class.

81.02.   ***Commonality***. Common questions of law and fact exist as to all members of the Class, which include whether the communications from Defendants to consumers in substantially the same form as Defendants communicated with Plaintiffs violate the FDCPA.

81.03.   ***Typicality***. The claims alleged by Plaintiffs are typical of the claims of the class members. Plaintiffs and all members of the Class have claims arising out of the common and uniform course of conduct by Defendants.

81.04.    *Adequacy*. Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Plaintiffs and counsel for Plaintiffs have no interests which might cause them not to vigorously pursue the instant class action lawsuit.

82.    This action may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types however, at the time of commencing this action, Plaintiffs expect to seek certification of a class under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to efficiently prosecute their common claims in a single forum without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

## VIII.    Cause of Action for Violations of the FDCPA.

83.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

84.    Each Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

85.    Each Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

86.    The Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

87.    The letter (Exhibit "A") is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

88.    The letter (Exhibit "B") is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

89.    The letter (Exhibit "C") is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

90.    The letter (Exhibit "E") is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

91.    The complaint (Exhibit "D") is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

92.    The complaint (Exhibit "F") is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

93.    The conduct of the Defendants in attempting to collect the Debt as alleged in this Complaint violated the FDCPA in one or more of the following ways:

93.01.    Using false, deceptive, or misleading representations and/or means in connection with the collection of any debt, which constitutes a violation of 15 U.S.C. §1692e; and/or

93.02.    Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f; and/or

93.03.    Mailing an initial written communication in an attempt to collect a debt which failed to comply with 15 U.S.C. § 1692g.

94.    Based in any one of those violations, Defendants are liable to Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k for any actual damages, statutory damages, attorney's fees and costs.

### IX.    Prayer for Relief.

95.    WHEREFORE, Plaintiffs, JORGE MATUTE and DORIS MATUTE, individually and on behalf of all those similarly situated respectfully request that the Court enter judgment against Defendants, A.A. ACTION COLLECTION CO., INC.; JAMES BENDER, ESQ.; and JOHN DOES 1-10, jointly and severally, as follows:

95.01.    An order certifying that the Cause of Action may be maintained as a class pursuant to Fed. R. Civ. P. 23 including defining the class, defining the class claims, and appointing Plaintiffs as the class representatives and the undersigned as class counsel;

95.02.    An award of actual damages to Plaintiffs and to the members of the Class pursuant to 15 U.S.C. § 1692k(a)(1);

95.03.    An award of statutory damages for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

95.04.    An award of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

95.05.    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(2)(B)(3); and

95.06.    For such other and further relief as may be just and proper.

### X.    Jury Demand.

96.    Plaintiffs, JORGE MATUTE and DORIS MATUTE, individually and on behalf of all those similarly situated demand a trial by jury on all issues so triable.

### XI.    Certification Pursuant to Local Civil Rule.

97.    Pursuant to L. Civ. R. 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

|                                |                          |
|--------------------------------|--------------------------|
|                                | *s/ Philip D. Stern*     |
| Dated: February 14, 2017       | Philip D. Stern          |

|                                |                          |
|--------------------------------|--------------------------|
|                                | *s/ Andrew T. Thomasson* |
| Dated: February 14, 2017       | Andrew T. Thomasson      |

STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield NJ 07081-1315
(973) 379-7500

*Attorneys for Plaintiffs, Jorge Matute and Doris Matute*

## SCHEDULE "A"

## LEGAL BASES FOR CLAIMS ARISING UNDER THE FDCPA

***First.*** The FDCPA "covers conduct taken in connection with the collection of any debt." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240 (3rd Cir. 2014) (internal quotation marks omitted). The Act "was passed to promote ethical business practices by debt collectors." *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002). The Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b). Thus, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, ***and*** to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotes and ellipsis omitted; emphasis added); 15 U.S.C. § 1692(e).

***Second.*** The Act is not concerned with whether the consumer owes the debt. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.,* 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that *all* consumers, *even those who have mismanaged their financial affairs resulting in default on their debt*, deserve 'the right to be treated in a reasonable and civil manner.'" *FTC, supra,* 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

***Third.*** "Congress also intended the FDCPA to be self-enforcing by private attorney generals [sic]." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008); and, see, *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055 (9th Cir. 2011). "Thus, the FDCPA enlists the efforts of sophisticated consumers … as private attorneys general to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jensen v. Pressler and Pressler, LLP*, 791 F.3d 413, 419 (3rd Cir. June 30, 2015) (internal quotation marks omitted).

***Fourth.*** The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455. Furthermore, except where the Act expressly makes knowledge or intent an element of the

violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

**Fifth.**       The FDCPA creates no special exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys. *Heintz v. Jenkins*, 514 U.S. 291 (1995). For example, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005). Indeed, "[a]buses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

**Sixth.**       Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

**Seventh.**     "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

**Eighth.**      Liability under the FDCPA is excused *only* when a debt collector

establishes, as an affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any advisory opinion of the" Consumer Financial Protection Bureau, 16 U.S.C. § 1692k(e). Thus, common law privileges and immunities are not available to absolve a debt collector from liability under the FDCPA. See, *Heintz v. Jenkins*, 514 U.S. 21, (1995); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); and *Sayyed v. Wolpoff & Abramson*, 485 F. 3d 236, 232-233 (4th Cir. 2007).

**Ninth.**       A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973). Indeed, Congress, through "the FDCPA[,] permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra,* 516 F.3d at 96 (emphasis added).

**Tenth.**       The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss, supra,* 385 F.3d at 345. Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id.* When a debt

collector opposes class certification based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. This is exactly the kind of result Congress intended to avoid through the creation of the class action form." *Barkouras v. Hecker*, 2006 WL 3544585, 2006 U.S.Dist.Lexis 88998 (D.N.J. Dec. 8, 2006).

## SCHEDULE "B"

## CLASS DEFINITION

Excluding persons who, prior to the date this action is certified to proceed as a class action, either:

    (a) died,

    (b) obtained a discharge in bankruptcy,

    (c) commenced an action in any court against Defendant alleging a violation of the Fair Debt Collection Practices Act,

    (d) signed a general release of claims against Defendant, or

    (e) is a Judge assigned to this case or member of such Judge's staff or immediate family,

the "**Class**" is defined to consist of:

> Each natural person either: [1] to whom A.A. ACTION COLLECTION CO., INC. or JAMES BENDER, ESQ. mailed a letter during the Class Period to a New Jersey address in an attempt to collect a debt when the letter provided directions for making payment through a website which charged a service fee to process the payment, *or* [2] against whom A.A. ACTION COLLECTION CO., INC. or JAMES BENDER, ESQ. filed a complaint in the Superior Court of New Jersey in an attempt to collect a debt.

The "**Class Period**" means the continuous period of time beginning on the earliest date which is within one year prior to the commencement of this action and ending on the day which is 30 days after the commencement of this action.

## SCHEDULE "C"

## DEFINITION OF CLASS CLAIMS

Claims by the members of the Class arising under the Fair Debt Collection Practices Act based on receipt of a letter from A.A. ACTION COLLECTION CO., INC. or JAMES BENDER, ESQ., or based on the filing of a complaint by A.A. ACTION COLLECTION CO., INC. or JAMES BENDER, ESQ. in an attempt to collect a debt.

# EXHIBIT "A"

Y19F2BE933

29 COLUMBIA TPKE STE 303
FLORHAM PARK NJ 07932-2240
RETURN SERVICE REQUESTED

# *Action*Collection

"50 Years & Counting"
973-845-9900

November 30, 2015

**ACCOUNT # ......... :** ■5059

0008120024018382170407208110343-1YR1~Y19F2BE933 97
1 - 97
DORIS MATUTE
143 PALISADE RD
ELIZABETH NJ 07208-1103



ACTION COLLECTION
29 COLUMBIA TPKE STE 303
FLORHAM PARK NJ 07932-2240

---

**\*\*\* Detach Upper Portion And Return With Payment \*\*\***

97-CSACTN10-1-1/06/10

CREDITOR ..................... : Jack Zuber DDS
**ACCOUNT #.................. :** ■5059

**BALANCE ...................... : $944.45**

Dear Doris Matute,

The above named creditor has assigned to us your account for collection of the balance in full.

Please contact this office so that arrangements may be made and any further action may be stopped, or send a check or money order to:

**A.A. ACTION COLLECTION CO., INC.**
**29 COLUMBIA TPKE STE 303**
**FLORHAM PARK, NJ 07932-2240**.

You may also make payment by visiting us online at **http://actionpaymentcenter.com**.

It is suggested that this matter be given your prompt attention and that you communicate with the **undersigned as soon as possible. If we fail to hear from you within 30 days from receipt of this notice, your account may be reported to Experian (formally TRW), Trans Union, and Equifax.**

**Please phone Collection Department at 973-845-9900 ext. 102.**

*Unless this account or any portion thereof is disputed within 30 days from receipt of this notice, we will assume this debt to be valid. If you dispute this debt or any portion thereof within the 30 day time period we will furnish at your written request, a verification of this debt, or the name and address of the original creditor. We are a Collection Agency attempting to collect a debt. Any information obtained will be used for that purpose.*

12345678-000097-01-1-AA

# EXHIBIT "B"

Y1A296DD09

29 COLUMBIA TPKE STE 303
FLORHAM PARK NJ 07932-2240
RETURN SERVICE REQUESTED

# *Action*Collection

"50 Years & Counting"
973-845-9900

January 4, 2016

**ACCOUNT # ......... :** ▮5059

0008120024018716872707208110343-1YR1--Y1A296DD09 244
14 - 244
**DORIS MATUTE**
**143 PALISADE RD**
**ELIZABETH NJ 07208-1103**



ACTION COLLECTION
29 COLUMBIA TPKE STE 303
FLORHAM PARK NJ 07932-2240

---

*** Detach Upper Portion And Return With Payment ***

244-CSACTN10-14-1/06/10

CREDITOR ..................... : Jack Zuber DDS
ACCOUNT #................... : ▮5059

BALANCE ...................... : $944.45

Dear Doris Matute,

The above account remains unpaid after many letters and phone calls.

This is your final notice before your delinquent status will be reported to Experian (formally TRW), Trans Union, and Equifax Credit Services if your payment in full is not received within seven (7) days.

Experian, Trans Union, and Equifax reports are a key to securing future credit and are used by various types of retail establishments, such as auto dealers, furniture and department stores, mortgage and loan companies as well as banking institutions.

Failure to remit payment within seven (7) days of the date of this notice will result in a negative credit report, as well as the possibility of your account being forwarded to an attorney.

Do not put yourself in this position. Make your payments payable and forward to:

A.A. ACTION COLLECTION CO., INC.
29 COLUMBIA TPKE STE 303
FLORHAM PARK, NJ 07932-2240.

You may also make payment by visiting us online at **http://actionpaymentcenter.com**.

**Please phone Collection Department at 973-845-9900 ext. 102.**

Yours Truly,

Collection Department

*We are a Collection Agency attempting to collect a debt. Any information obtained will be used for that purpose.*

12345678-000244-01-1-AA



# EXHIBIT "C"

# James Bender Esq.

*Phone: 973-845-9911*       *Attorney At Law*      *Fax: 973-845-9909*

29 COLUMBIA TPKE STE 302
FLORHAM PARK, NJ 07932-2240

CREDITOR ............................ :   Jack Zuber DDS
**ACCOUNT #**........................... :   ████5059
CLIENT ACCOUNT # ........... :   ████9100

February 9, 2016

**BALANCE**............................. :   **$944.45**

Dear Doris Matute,

This office has been retained for collection of this matter. Unless you dispute the validity of this debt, or any portion thereof, within thirty days of receipt of this notice, the debt will be assumed to be valid.

If, within thirty days of receipt of this notice, you notify us in writing that the debt, or any portion thereof, is disputed, verification of the debt will be provided to you. We will provide you with the name and address of the original creditor, if different from the current creditor, if you request this information in writing within thirty days of receipt of this notice.

If you do not contact our office and make arrangements for payment of this matter, we will proceed in accordance with the instructions of our client in regard to collection. Legal action against you may be authorized, which may increase the amount for which you will ultimately be responsible. You can avoid this prospect by contacting us concerning this matter within 30 days of receipt of this letter or by sending payment directly to this office.

To insure proper credit to your account please send payment directly to this office using the enclosed envelope. Please remember to write your account number on the check.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Yours Truly,

*James Bender, Esq.*

11-CSACTN20-2-1/06/10

---

*** Please detach the lower portion and return with your payment ***

Y1A796B3F6

29 Columbia Tpke Ste 302
Florham Park NJ 07932-2240
RETURN SERVICE REQUESTED

**ACCOUNT # .........** :  ████5059

February 9, 2016

12345678-00001I-I-0I-I-AA

0008120024019230351707208110343-1YR1-Y1A796B3F6 11
2 - 11
DORIS MATUTE
143 PALISADE RD
ELIZABETH NJ 07208-1103



JAMES BENDER ESQ.
ATTORNEY AT LAW
29 COLUMBIA TPKE STE 302
FLORHAM PARK NJ 07932-2240



# EXHIBIT "D"

**SMALL CLAIMS COMPLAINT (Contract, Security Deposit, Rent, or Tort)**

**Plaintiff's Attorney Information:**
James C. Bender, Esq.
Attorney ID:001411983
29 Columbia Tpke Suite 302
Florham Park, NJ 07932
973-845-9911

**From Plaintiff**

Jack Zuber, DDS

**To Defendant**

Doris Matute
143 Palisades Rd
Elizabeth, NJ 07208
908-355-3007

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**
**SMALL CLAIMS SECTION**
**UNION COUNTY**
Docket No. _____

---

**CIVIL ACTION**
**COMPLAINT**

---

Check One
**[X] Contract**
[  ] Security Deposit
[  ] Rent
[  ] Personal Injury or Property Damage (other than motor vehicle)

## COMPLAINT

Demand: $944.45 + Filing Fee $42.00 + Attorney Fee $33.89 = 1020.34.
Type or print the reasons you, the Plaintiff(s), are suing the Defendant(s): Attach additional sheets if necessary.

1. There is due from the Defendant(s) the sum of $944.45 + Filing Fee $42.00 + Attorney Fee $33.89 = 1020.34.
2. Defendant(s) authorized work done by the plaintiff(s).
3. Plaintiff(s) has demanded payment but defendant has not made any payments.

---

**IMPORTANT:** Plaintiffs and defendants must bring all witnesses, photos, and documents, and other evidence to the hearing. Subpoena forms are available at the Clerk's office to require the attendance of witnesses.

---

At the trial Plaintiff will require:

An interpreter                    [  ] Yes [ X ] No      Indicate Language:_____

An accommodation for disability [  ] Yes [ X ] No      Indicate Disability:_____

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

October 15, 2016

_____
Signature
James C. Bender, Esq. Attorney for Plaintiff(s)

# EXHIBIT "E"

Y1A296DO17

29 COLUMBIA TPKE STE 303
FLORHAM PARK NJ 07932-2240
RETURN SERVICE REQUESTED

# *Action*Collection

"50 Years & Counting"
973-845-9900

January 4, 2016

**ACCOUNT # ......... :** ▮5058

0008120024018716872807208110343-1YR1-Y1A296DO17 245
14 - 245
JORGE MATUTE
143 PALISADE RD
ELIZABETH NJ 07208-1103



ACTION COLLECTION
29 COLUMBIA TPKE STE 303
FLORHAM PARK NJ 07932-2240

---

**\*\*\* Detach Upper Portion And Return With Payment \*\*\***

245-CSACTN10-14-1/06/10

CREDITOR ...................... :   Jack Zuber DDS
ACCOUNT #.................... :   ▮5058

BALANCE ...................... :   **$1480.55**

Dear Jorge Matute,

The above account remains unpaid after many letters and phone calls.

This is your final notice before your delinquent status will be reported to Experian (formally TRW), Trans Union, and Equifax Credit Services if your payment in full is not received within seven (7) days.

Experian, Trans Union, and Equifax reports are a key to securing future credit and are used by various types of retail establishments, such as auto dealers, furniture and department stores, mortgage and loan companies as well as banking institutions.

Failure to remit payment within seven (7) days of the date of this notice will result in a negative credit report, as well as the possibility of your account being forwarded to an attorney.

Do not put yourself in this position. Make your payments payable and forward to:

A.A. ACTION COLLECTION CO., INC.
29 COLUMBIA TPKE STE 303
FLORHAM PARK, NJ 07932-2240.

You may also make payment by visiting us online at **http://actionpaymentcenter.com**.

**Please phone Collection Department at 973-845-9900 ext. 102.**

Yours Truly,

Collection Department

*We are a Collection Agency attempting to collect a debt. Any information obtained will be used for that purpose.*



# EXHIBIT "F"

**SMALL CLAIMS COMPLAINT (Contract, Security Deposit, Rent, or Tort)**

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**
**SMALL CLAIMS SECTION**
**UNION COUNTY**
Docket No. _____

**Plaintiff's Attorney Information:**
James C. Bender, Esq.
Attorney ID:001411983
29 Columbia Tpke Suite 302
Florham Park, NJ 07932
973-845-9911

**From Plaintiff**

Jack Zuber, DDS

**To Defendant**

Jorge Matute
143 Palisades Rd
Elizabeth, NJ 07208
908-355-3007

---

**CIVIL ACTION**
**COMPLAINT**

---

Check One
**[X] Contract**
[  ] Security Deposit
[  ] Rent
[  ] Personal Injury or Property Damage (other than motor vehicle)

**COMPLAINT**

Demand: $1480.55 + Filing Fee $42.00 + Attorney Fee $44.61 = 1567.16.
Type or print the reasons you, the Plaintiff(s), are suing the Defendant(s): Attach additional sheets if necessary.

1. There is due from the Defendant(s) the sum of $1480.55 + Filing Fee $42.00 + Attorney Fee $44.61 = 1567.16.
2. Defendant(s) authorized work done by the plaintiff(s).
3. Plaintiff(s) has demanded payment but defendant has not made any payments.

---

**IMPORTANT:** Plaintiffs and defendants must bring all witnesses, photos, and documents, and other evidence to the hearing. Subpoena forms are available at the Clerk's office to require the attendance of witnesses.

---

At the trial Plaintiff will require:

An interpreter                    [  ] Yes [ X ] No     Indicate Language:_____

An accommodation for disability [  ] Yes [ X ] No     Indicate Disability:_____

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

October 15, 2016

_____
Signature
James C. Bender, Esq. Attorney for Plaintiff(s)

# EXHIBIT "G"



# Action Collection Co.
Bill Payment Module

## Payment Options

### Click here to pay your account using a **card**.
*There is a **$5.95 Service Fee**.*

---

**To pay by Check by Phone please call this # 973-845-9900 ext 102**
*There is **no fee** to pay by check by phone*

---

Copyright 2016. Action Collection Co. All rights reserved.



**Secure Payment Form**

Action Collection
Contact Us:
973-845-9900
creditcardpayments@actioncollection.net

| Payment Type | Payment Information | Confirmation |
| --- | --- | --- |

## Select Payment Type:

○ E-Check

◉ Credit Card

To make sure a secure payment to your account, please be sure to enter the valid account number you received from us. If you do not know your account number please Contact Us to obtain your account number before proceeding to make a payment. Failure to enter your valid account number may cause a significant delay in processing your payment.









**50 YEARS AND COUNTING**

**Secure Payment Form**

Action Collection
Contact Us:
973-845-9900
creditcardpayments@actioncollection.net

Payment Type          Payment Information          Confirmation

## Credit Card

○ Single Payment
○ Single Future Payment

### Credit Card Information

**\* First Name**

**\* Last Name**

**\* Billing Street Address**

**\* Billing City**

**\* Billing State**

**\* Zip Code**

**\* Card Number**

**\* Expiration Date**

/

**\* Card ID (CVV2/CID)**

### Payment Information

**\* Transaction Date**

5/6/2016

**Amount**

**\* Account Number**

**Billing Phone Number**

**Service Fee**

$5.95



<span style="color:blue">Payment Receipt</span>

**Email Receipt To:**

Email Address

**(Optional)**

Reset    Next

* Required







**Secure Payment Form**

Action Collection
Contact Us:
973-845-9900
creditcardpayments@actioncollection.net

Payment Type        Payment Information        Confirmation

## Select Payment Type:

◉ E-Check

◯ Credit Card

To make sure a secure payment to your account, please be sure to enter the valid account number you received from us. If you do not know your account number please Contact Us to obtain your account number before proceeding to make a payment. Failure to enter your valid account number may cause a significant delay in processing your payment.









**50 YEARS AND COUNTING**

**Secure Payment Form**

Action Collection
Contact Us:
973-845-9900
creditcardpayments@actioncollection.net

Payment Type      Payment Information      Confirmation

## E-Check

◉ Single Payment
○ Single Future Payment

### Bank Account Information

**\* Account Holder Name**

[                    ]

**\* Routing Number**

[                    ] 

**\* Account Number**

[                    ]

**\* Account Type**

Checking

### Payment Information

**\* Transaction Date**

[ 5/6/2016            ]

**Amount**

[                    ]

**\* Account Number**

[                    ]

**Billing Phone Number**

[                    ]

**Service Fee**

[ $5.95              ]

### Payment Receipt

**Email Receipt To:**

[ Email Address      ]

(Optional)

Reset    Next

\* Required





