UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE MATUTE and DORIS MATUTE, individually and on behalf of all those similarly situated<br><br>Plaintiffs,<br>v.<br><br>A.A. ACTION COLLECTION CO., INC.; JAMES BENDER, ESQ.; TODD BANK, Individually and in his official capacity and JOHN DOES 2-10,<br><br>Defendants. | **OPINION**<br>Civ. No. 16-08863 (WHW-CLW) |

**Walls, Senior District Judge**

Defendants A.A. Action Collection Co., Inc. ("AA"), James Bender, and Todd Bank filed an omnibus motion to disqualify Plaintiffs' counsel, dismiss Plaintiffs' Amended Complaint on res judicata grounds and for lack of standing, and to vacate the Clerk's March 8, 2017 entry of default. ECF Nos. 30, 30-11. Plaintiffs oppose the motions. ECF No. 35. On April 25, 2017, Magistrate Judge Waldor entered an order vacating the March 8, 2017 default. The Court now addresses Defendants' motion to dismiss. The Court decides this motion without oral argument under Fed. R. Civ. P. 78. Defendants' motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs, husband and wife and New Jersey residents, Jorge and Doris Matute, filed this individual and collective action for violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants AA, a New Jersey corporation with its principal place of business in Florham Park, New Jersey, and New Jersey residents James Bender and Todd Bank, on November 30, 2016. Compl., ECF No. 1. The allegations stem "from the Defendants' conduct

1

when attempting to collect consumer debts" from Plaintiffs. ECF No. 9 Am. Compl., ECF No. 9 ¶ 1. The Court treats the following facts alleged in the Amended Complaint as true for the purposes of resolving Defendants' motion to dismiss.

### A. The Matute Debts and AA Collection Letters

Plaintiffs allege that Defendants attempted to collect debts incurred by Plaintiff Doris Matute (the "Doris Debt") and Jorge Matute (the "Jorge Debt") for dental services provided by Jack J. Zuber DDS. *Id.* ¶ 25. AA first attempted to collect the Matute Debts by mailing Mr. and Mrs. Matute a series of letters. Mr. and Mrs. Matute each received three collection letters addressed from AA, dated November 30, 2015, January 4, 2016, and February 9, 2016. *Id.* ¶¶ 29, 33, 37, 47, 49, 53; *see also id.*, at Exs. A–C, E. According to Plaintiffs, the collection letters alleged incorrect debt amounts, *id.* ¶¶ 30, 34, 38, 48, 50, 54, and included directions to pay the alleged debts through a website, "http://actionpaymentcenter.com," which permits payment provided that the payor pays a service fee of $5.95. *Id.* ¶¶ 31, 35, 51. Plaintiffs say that they did not agree to pay service fees in connection with money purportedly owed to Dr. Zuber. *Id.*

### B. The Debt Collection Small Claims Actions

In a further attempt to collect the Matute Debts, Defendant Bender commenced separate small claims actions against Plaintiffs on October 29, 2016. *Id.* ¶ 39, 55; *see also id.*, Exs. D, F. The complaints, filed in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Division, were assigned docket numbers UNN-SC-1151-16 and UNN-SC-1150-16. *Id.* The complaint against Ms. Matute demanded $944.45 plus costs. *Id.* ¶ 39; *see also id.*, Ex. D. The Complaint against Mr. Matute demanded $1480.55 plus costs. *Id.*, Ex. F. Plaintiffs state that the debt amounts alleged in the Superior Court complaints were not the amounts actually due and owing, *id.* ¶ 40, 56, and that the complaints were "signed filed, and served

without meaningful attorney involvement such that [they were] not the product of an attorney's professional judgment after a reasonable investigation." *Id.* ¶ 41, 57. Both complaints were served by mail along with a notice scheduling the trial dates for November 15, 2016. *Id.* ¶ 42, 58.

Plaintiffs responded to the complaints by appearing, through counsel, for trial on November 15, 2016. *Id.* ¶¶ 59–60. Plaintiffs' counsel and Defendant Bender responded to the calendar call indicating that all necessary parties were present, and the Matute cases were assigned to a mediator. *Id.* ¶¶ 61–63.

The parties first mediated the claims against Mr. Matute. *Id.* ¶ 65. Mr. Bender "presented what he purported to be a printout of a complete statement of account to which there was a handwritten addition of the amount for finance charges." *Id.* Plaintiffs allege that "the statement of account included many errors, omissions, and discrepancies." *Id.* ¶ 66. Plaintiffs' counsel responded that the statement failed to reflect (1) any computation for the handwritten finance charges, and (2) a payment Mr. Matute had made for which he had proof by way of his bank's copy of a cleared check. *Id.* ¶ 67. The mediation was briefly suspended while Mr. Bender followed up with his client. *Id.* ¶ 69. The accuracy of the statement notwithstanding Mr. Matute's payment was confirmed, and Mr. Bender reiterated his position that the full amount claimed to be due was so. *Id.* ¶ 70. Given the impasse, the mediator observed that there was nothing to mediate in either Matute case, and consequently returned the cases to the court for trial. *Id.* ¶ 71.

The two cases were assigned together for trial. *Id.* ¶ 72. When the parties appeared before the trial judge, Mr. Bender requested an adjournment. *Id.* ¶ 73. The judge allegedly informed Mr. Bender that the "court would not grant a dismissal without prejudice unless conditioned on payment of the Matute's counsel fees and any lost work." *Id.* After another recess, Mr. Bender sought a dismissal with prejudice as to both cases. *Id.*

3

*C. The Complaint, Amended Complaint, and Answer*

Only two weeks after the dismissal of the Superior Court actions, the Matutes filed a class action complaint in this court. ECF No. 1. The Complaint alleged that Defendants' conduct in attempting to collect the Matute Debts violated the FDCPA in several ways. ECF No. 1. ¶ 86. On February 14, 201, Plaintiffs amended the Complaint to add Todd Banks as a party. ECF No. 9. The Amended Complaint alleges the same substantive claims as the original complaint. *See* ECF No. 9 ¶ 93. The Amended Complaint charges Defendants with: (1) "Using false deceptive, or misleading representations and/ or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e; (2) "Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f; and (3) "Mailing an initial written communication in an attempt to collect a debt which failed to comply with 15 U.S.C. § 1692g." *Id.* Relying on the facts underlying their individual claims, Plaintiffs also assert these causes of action on a class basis. The purported class includes:

> Each natural person either: [1] to whom A.A. ACTION COLLECTION CO., INC. or JAMES BENDER, ESQ. mailed a letter during the Class Period to a New Jersey address in an attempt to collect a debt when the letter provided directions for making payment through a website which charged a service fee to process the payment, *or* [2] against whom A.A. ACTION COLLECTION CO., INC. or JAMES BENDER, ESQ. filed a complaint in the Superior Court of New Jersey in an attempt to collect a debt.

*Id.*, Schedule "B."

Defendants answered the Amended Complaint and filed a counterclaim against the Matute's and a Third Party Complaint against Plaintiffs' counsel, Phillip D. Stern and Andrew T. Thomasson, as well as Stern, Thomasson, LLC. ECF No. 13. Defendants-Counterclaimants and Third Party Plaintiffs AA, Bender, and Banks allege that the Matutes and their attorneys have been implementing a fraudulent Racketeer Influenced and Corrupt Organizations (RICO)

Enterprise Plan "designed to extort cash from Defendants and Third Party Plaintiffs." *Id.* ¶ 96. These claims arise under the Federal and New Jersey RICO statutes. *Id.*, Third Party Compl. ¶ 6.

*D. The Present Motion*

On April 18, 2017, Defendants filed the present motion to disqualify Plaintiffs' counsel, dismiss Plaintiffs' Amended Complaint on res judicata grounds and for lack of standing, and to vacate a default judgment. ECF Nos. 30, 30-11. The Parties discussed the handling of the motion with Magistrate Judge Waldor during an April 25, 2017 status conference. After consultation, it was agreed upon that the motion to disqualify would be referred for Magistrate Judge Waldor's determination after this Court's resolution of the motion to dismiss the Amended Complaint.

Defendants devote only two paragraphs of the letter brief to support their omnibus motion to their dismissal request. *See* ECF No. 30-11 at 3. First, Defendants argue, without citation, that the doctrine of res judicata applies "because [the Matutes have] nothing to complain about in respect to the collection practices which were the subject of the N.J. Superior Court matters which produced judgements with prejudice in Matutes' favor." *Id.* Second, Defendants argue that Plaintiffs do not have Article III standing because the New Jersey Superior Court judgments "by definition satisfied any actual or statutory damages to which, arguendo, they might have been entitled." *Id.* Plaintiffs' opposition brief only addresses the legal issues presented by the motion to disqualify counsel. ECF No. 35. Defendants' reply brief reiterates, again, without citation, that "all current complaints by Matute relate to theoretically violative pre-trial collection efforts which were nullified by the Matute's total success at the trial in Small Claims Court." ECF No. 36 at 2. In the alternative, Defendants request the Court reject class certification under Fed. R. Civ. P. 23 *sua sponte* for lack of typicality. *Id.*

## STANDARD OF REVIEW

Though neither party addresses the legal standards to be applied to this motion, the Court considers the motion under Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

1. <u>Motion to Dismiss under Rule 12(b)(6)</u>

Rule 12(b)(6) allows for dismissal where the non-moving party fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679. It is well settled that "document[s] integral or explicitly relied upon in the complaint" may be considered at the motion to dismiss stage "without converting the motion into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

2. <u>Motion to Dismiss under Rule 12(b)(1)</u>

"A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)). Rule 12(b)(1) challenges made before the filing of an answer are treated as facial

challenges to jurisdiction, which are considered under the same standard of review as a motion to dismiss under Rule 12(b)(6). *Id.* at 358. "In reviewing a facial attack the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff" and "constru[e] the alleged facts in favor of the nonmoving party. *Id.* (internal quotations and citations omitted).

## DISCUSSION

Defendants assert two bases for dismissal of Plaintiffs' FDCPA class complaint: (1) it is barred by res judicata; and (2) Plaintiffs lack standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), as revised (May 24, 2016). ECF No. 30-11 at 3.

1. It is not apparent on the face of the complaint that Plaintiffs' suit is barred by res judicata

"Res judicata is an affirmative defense that typically may not afford the basis for a Rule 12(b)(6) dismissal unless it is 'apparent on the face of the complaint.'" *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (quoting *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)). If not apparent, "the district court must either deny the 12(b)(6) motion or convert it to a motion for summary judgment and provide both parties an opportunity to present relevant material." *Id.*

When the judgment serving as the basis for a res judicata defense was entered by the courts of New Jersey, federal courts look to New Jersey law to determine the preclusive effect of the earlier judgment. *See Rycoline*, 109 F.3d at 887; *see also Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 141–45 (3d Cir. 1999). "Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Hoffman*, 837 F.3d at 279 (quoting *In re Mullarkey*, 536 F.3d

215, 225 (3d Cir. 2008)). The third factor turns on "the essential similarity of the underlying events giving rise to the various legal claims." *Id.* (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014).

Defendants' letter brief in support of their motion to dismiss offers little more than a conclusory header on the applicability of claim preclusion in this case. It says, "The dismissals with prejudice of the prior New Jersey Superior Court matters were res judicata." ECF No. 30-11 at 3. Defendants cite no case law in support of their argument and point to nothing in the complaint that establishes the essential similarity of the underlying events giving rise to the various legal claims asserted here. Because Defendants have made no argument as to the application of res judicata under New Jersey law, and the preclusive effect of the earlier judgments is not self-evident—the Small Claims Court actions addressed the Matutes' alleged debts and this matter attacks the conduct underlying the debt collection—the Court is not convinced that applying the doctrine is proper here. Defendants motion to dismiss on the basis of res judicata is denied now, but Defendants may reassert this defense at the appropriate juncture.

2. <u>Plaintiffs sufficiently plead an injury that establishes standing in this case</u>

Defendants alternatively seek dismissal of Plaintiffs' Amended Complaint for lack of standing. ECF No. 30-11 at 3. Specifically, they argue that Plaintiffs have no standing because the New Jersey Superior Court judgments in their favor "satisfied any actual or statutory damages to which, arguendo, they may have been entitled." *Id.* In support of this argument, Defendants cite a district court case finding that the plaintiffs did not an allege an injury-in-fact sufficient to establish standing when they asserted a bare procedural violation of the Fair Credit Reporting Act ("FCRA"). *In re Michaels Stores, Inc., Fair Credit Reporting Act (FCRA) Litig.*, No. 2615, 2017 WL 354023, at *5 (D.N.J. Jan. 24, 2017). Defendants' argument ignores important distinctions both between the New Jersey small claims actions and the present action,

8

and between the FDCA claims asserted here and the FCRA claims asserted by the plaintiffs in *In re Michaels Stores, Inc.*

According to the Amended Complaint, the New Jersey Small Claims cases were initiated by Defendants in an attempt to collect debts owed by Plaintiffs. ECF No. 9 ¶¶ 39, 55. Plaintiffs defended against those suits by arguing that the debts were not owed by them and/ or that the debts asserted by Defendants were not accurate. *Id.* ¶ 67. By contrast, in this suit, Plaintiffs assert rights under the FDCPA, seeking redress for the allegedly unlawful manner in which Defendants attempted to collect Plaintiffs' debts. *Id.* ¶ 93. Based on the facts asserted in the Amended Complaint, the state court proceedings did not address the debt collection practices engaged in by Defendants. *Id.* ¶¶ 59–73. Moreover, as discussed, it is not apparent from the Amended Complaint that the Small Claims Court judgments preclude Plaintiffs' ability to bring suit in this court for statutory damages related to Defendants' debt-collection attempts.

Finally, Defendants' citation to *In re Michaels Stores, Inc.* does not persuade the Court that plaintiffs who bring suit for allegedly misleading debt collection practices under the FDCPA cannot establish standing absent a showing of harm beyond the complained of statutory violations of the FDCPA. It is well settled that "to establish Article III standing, a plaintiff must demonstrate (1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 272 (3d Cir. 2016) (quoting *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016)). A successfully pleaded injury-in-fact alleges "the invasion of a concrete and particularized legally protected interest" resulting in actual or imminent harm rather than conjectural or hypothetical harm. *Id.* A

particularized harm "affects the plaintiff in a personal and individual way." *Id.* For a harm to be concrete, it must actually exist. *Id.* (citing *Spokeo*, 136 S.Ct. at 1548).

The Court has previously addressed whether FDCPA violations alone sufficiently establish concrete harm for the purposes of Article III standing. *See Jessica Blaha v. First National Collection Bureau*, No. 16-cv-02791 (D.N.J. Nov. 10, 2016). In *Blaha*, this Court found that the plaintiff had standing to bring suit for violations of the statutory rights created by the FDCPA because those rights were not merely procedural. *Id.* at 15. Consequently, Ms. Blaha was able to satisfy the injury-in-fact requirement for Article III standing by alleging that the defendant had engaged in the type of abusive, deceptive, and unfair debt collection practices barred 0by the FDCPA. *Id.* Present Plaintiffs complain of similarly abusive and misleading debt collection practices perpetrated by Defendants through their collection letters and litigation efforts. ECF No. 9 ¶¶ 20–73. And, Defendants give the Court no reason to question the conclusion reached in *Blaha*. Defendants' motion to dismiss for want of standing is denied.

## CONCLUSION

Defendants' motion to dismiss is denied. An appropriate order follows.

DATE: 13 June 2017

William H. Walls
Senior United States District Court Judge