Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
(973) 379-7500
  *Attorney for Third-Party Defendant,*
  *Philip D. Stern, Esq.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE MATUTE and DORIS MATUTE, individually and on behalf of all those similarly situated,<br><br>                                    Plaintiffs,<br><br>*vs.*<br><br>A.A. ACTION COLLECTION CO., INC.; JAMES BENDER, ESQ.; TODD BANK; and JOHN DOES 1-10,<br><br> Defendants, Third-Party Complainants,<br>                    and Third-Party Plaintiffs,<br><br>*vs.*<br><br>PHILIP D. STERN, ESQ.; ANDREW T. THOMASSON, ESQ.; and STERN THOMASSON LLP,<br><br>                    Third-Party Defendants. | Case No.: 2:16-cv-08863-WHW-CLW<br><br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF**<br>**THIRD-PARTY DEFENDANT, PHILIP D. STERN, ESQ.**<br>**TO**<br>**THIRD-PARTY COMPLAINT AND JURY DEMAND** |

Third-Party Defendant, Philip D. Stern, Esq. by way of response to the Third-Party Complaint [Docs. 13 & 14] filed by Third-Party Plaintiffs, AA Action Collection Co, Inc., James Bender, Esq., and Todd Banks (collectively, "TPPs"), says:

### I. ANSWER

As to the allegations in ¶1:    Admit.

As to the allegations in ¶2:   Admit.

As to the allegations in ¶3:   Admit.

As to the allegations in ¶4:   There is no paragraph 4.

As to the allegations in ¶5:   There are no factual allegations; TPPs bear the burden to establish the Court's jurisdiction.

As to the allegations in ¶6:   Denied.

As to the allegations in ¶7:   Denied.

As to the allegations in ¶8:   Including sub-paragraphs A., B., C., D., E., and F., Denied.

As to the allegations in ¶9:   Denied.

As to the allegations in ¶10:   Philip D. Stern, Esq. incorporates by reference their responses to Paragraphs 1 through 9.

As to the allegations in ¶11:   There are no factual allegations but, instead, only legal conclusions. To the extent there are factual allegations, they are denied.

As to the allegations in ¶12:   Denied.

As to the allegations in ¶13:   Denied.

As to the allegations in ¶14:   Denied.

As to the allegations in ¶15:   Denied.

As to the allegations in ¶16:   Denied.

As to the allegations in ¶17:   Denied.

As to the allegations in ¶18:	Denied.

As to the allegations in ¶19:	Denied.

As to the allegations in ¶20:	Denied.

As to the allegations in ¶21:	Denied.

As to the allegations in ¶22:	Denied.

As to the allegations in ¶23:	Denied.

As to the allegations in ¶24:	Denied.

As to the allegations in ¶25:	Denied.

As to the allegations in ¶26:	Denied.

As to the allegations in ¶27:	Denied.

As to the allegations in ¶28:	Denied.

As to the allegations in ¶29:	Denied.

As to the allegations in ¶30:	Philip D. Stern, Esq. incorporates by reference their responses to Paragraphs 1 through 29.

As to the allegations in ¶31:	Denied.

As to the allegations in ¶32:	Philip D. Stern, Esq. incorporates by reference their responses to Paragraphs 1 through 31.

As to the allegations in ¶33:	Denied.

As to the allegations in ¶34:	Denied.

As to the allegations in ¶35:	Denied.

As to the allegations in ¶36:    Philip D. Stern, Esq. incorporates by reference their responses to Paragraphs 1 through 35.

As to the allegations in ¶37:    Denied.

As to the allegations in ¶38:    Denied.

As to the allegations in ¶39:    Philip D. Stern, Esq. incorporates by reference their responses to Paragraphs 1 through 38.

As to the allegations in ¶40:    Including sub-paragraphs A., B., C., and D., Denied.

As to the allegations in ¶41:    Denied.

As to the allegations in ¶42:    Philip D. Stern, Esq. incorporates by reference their responses to Paragraphs 1 through 41.

As to the allegations in ¶43:    Denied.

As to the allegations in ¶44:    Philip D. Stern, Esq. incorporates by reference their responses to Paragraphs 1 through 43.

As to the allegations in ¶45:    Denied.

As to the allegations in ¶46:    Philip D. Stern, Esq. denies TPPs' claims can be certified as a class action including, but not limited to, TPPs' failure to adequately define an ascertainable class.

As to the allegations in ¶47:    Philip D. Stern, Esq. denies TPPs' claims can be certified as a class action including, but not limited to, (1) there is no

adequate means to identify the class, as defined in ¶46, and, therefore, no means to evaluate numerosity, (2) there are no common questions of law or fact because each prior litigation referenced in the Third-Party Complaint stands on its own unique facts and circumstances, (3) none of the TPPs have typical claims, and (4) none of the TPPs are adequate class representatives and David M. Hoffman, Esq. is unqualified to act as class counsel.

As to the allegations in ¶48: New Jersey State Court Rules 4:32-1(a) and 4:32-1(b), cited in ¶48 of the Third-Party Complaint have no force or effect in this Court. Moreover, Philip D. Stern, Esq. denies TPPs' claims can be certified as a class action under those State Court Rules or any analogous Federal Court Rules and Philip D. Stern, Esq. denies there is any factual basis pled—and no factual basis exists—for certification under those Rules.

As to the allegations in ¶49: Denied.

## II. AFFIRMATIVE DEFENSES

1. The Third-Party Complaint fails to state a claim upon which relief can be granted including, but not limited to, the failure to allege the requisite predicate acts and/or aiding or abetting any alleged Enterprise.

2. The Third-Party Complaint failed to join a party who, under Rule 19, must be joined including, but not limited to, Jack Zuber DDS, Sharonda Sanders, and Henry Furst, Esq.

3. The Third-Party Complaint should be dismissed based on the litigation privilege.

4. The Third-Party Complaint is barred by lack of standing.

5. The Third-Party Complaint is barred by both legal and equitable fraud.

6. The Third-Party Complaint is barred by waiver.

7. The Third-Party Complaint is barred by estoppel.

8. The Third-Party Complaint is barred by illegality.

9. The Third-Party Complaint is barred by res judicata and collateral estoppel.

10. The Third-Party Complaint is barred by the Noer-Pennington Doctrine.

11. The Third-Party Complaint is barred by the Rooker-Feldman Doctrine.

12. The Third-Party Complaint is barred by unclean hands.

13. The Third-Party Complaint is barred by the failure to mitigate damages.

14. Any damages suffered were not caused by Philip D. Stern, Esq. but by the conduct of the one or more of the TPPs or other persons over whom Philip D. Stern, Esq. had no control or responsibility.

15. The Third-Party Complaint is barred by the assumption of the risk.

16. The Third-Party Complaint is barred by contributory negligence.

17. The Third-Party Complaint is barred by duress.

18. The Third-Party Complaint is barred by release.

19. The Third-Party Complaint is barred by setoff and recoupment.

20. The Third-Party Complaint is barred because it constitutes the malicious use of process and the abuse of process.

21. The Third-Party Complaint is a strategic lawsuit against public participation intended to censor, intimidate, and silence consumers and other persons protected by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* from exercising and enforcing the rights protected under the FDCPA by burdening them and their attorneys with cost, time and expense of defending the Third-Party Complaint until they abandon their FDCPA claims.

### III. JURY DEMAND.

Philip D. Stern, Esq. demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/Andrew T. Thomasson*

Dated: September 18, 2017

Andrew T. Thomasson
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
(973) 379-7500
*Attorney for Third-Party Defendant,
Philip D. Stern, Esq.*

## IV. CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

1. I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated except:

   **1.01.** *Winters, et al. v. Jones, et al.*, D.N.J. Case No. 2:16-cv-09020-JMV-JBC may be a related case; and

   **1.02.** Philip D. Stern, Esq. has information which, upon further investigation, may result in Philip D. Stern, Esq. bringing claims in this action or by way of separate action against David M. Hoffman, Esq., Barry Sussman (previously identified to the Court as Mr. Hoffman's "JD Paralegal"), AA Action Collection Co., Inc., James Bender, Esq., Todd Bank, and other persons yet to be identified, for violations of Federal and/or state law, including, but not limited, both Federal and state RICO, fraud, civil conspiracy, acts of consumer fraud, tortious interference with contractual relationships and with prospective economic advantage, malicious use/abuse of process, disparagement, unfair and deceptive practices, invasion of privacy, aiding the commission of a tort, N.J.S.A. 2A:15-59.1, Fed. R. Civ. P. 11, and 28 U.S.C. § 1927.

2. I further certify that I know of no party who should be joined in the action at this time except: Jack Zuber DDS, Sharonda Sanders, and Henry Furst, Esq.

|  | *s/Andrew T. Thomasson* |
|---|---|
| Dated: September 18, 2017 | Andrew T. Thomasson |