**STERN THOMASSON** LLP

PHILIP D. STERN
Direct: 973-532-5866
philip@sternthomasson.com

Tuesday, December 19, 2017

The Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
M.L. King Jr. Federal Building & Courthouse, MLK  4C
50 Walnut Street
Newark, NJ 07102

        RE:  *Jorge Matute, et al. vs. A. A. Action Collection Co., Inc., et al.*
              Case No. 2:16-cv-08863-WHW-CLW

Dear Judge Waldor,

Please accept this letter regarding outstanding discovery issues. Defendants have not responded to interrogatories or requests for production. Instead, their response and supplemental response consisted of two General Objections and a few narrative paragraphs signed only by their attorney, David Hoffman, Esq.

After receiving Defendants' initial responses, I sent Mr. Hoffman a deficiency letter. During the subsequent meet-and-confer, Mr. Hoffman's promised to review the deficiency letter and provide supplemental responses. The supplemental responses failed to address any of the issues raised in the deficiency letter.

Plaintiffs and Third-Party Defendants' request an order addressing objections and compelling rule-compliant responses. A proposed Order is enclosed.

      *Background.*

Defendants' Disclosures (*Exhibit A*) failed to (1) identify documents supporting their claims and defenses and (2) provide any damages computation. We wrote to Mr. Hoffman (*Exhibit B*) and he responded (*Exhibit C*) declining to provide any corrected disclosures. He explained that it was "obviously impossible" for him to identify documents and the "litigation process" would "expose" the damages.

On October 16, 2017, Plaintiffs and Third-Party Defendants served interrogatories and requests for production. Mr. Hoffman served responses (*Exhibit D*) on November 16, 2017.

Case 2:16-cv-08863-WHW-CLW   Document 58   Filed 12/19/17   Page 2 of 4 PageID: 695

The Honorable Cathy L. Waldor, U.S.M.J.                    Tuesday, December 19, 2017
*Jorge Matute, et al. vs. A. A. Action Collection Co., Inc., et al.*                    page 2

On November 21, I sent Mr. Hoffman a Deficiency Letter (*Exhibit E*). Later that day, Mr. Hoffman and I appeared for a Status Conference. After the Conference, Mr. Hoffman said he could not stay to meet-and-confer. We subsequently scheduled a telephonic meet-and-confer which he cancelled. Ultimately, we spoke by telephone on December 8 when Mr. Hoffman said he would review the Deficiency Letter and provide supplemental responses by December 18. The supplemental responses are attached as *Exhibit F*.

### *Defendants' General Objections Should Be Overruled.*

Defendants' initial responses (*Exhibit D*) assert two "General Objections." The Deficiency Letter (*Exhibit E*) responded to each objection and requested they be withdrawn. The supplemental responses (*Exhibit F*) did not address the objections.

Neither objection specifically stated the grounds for objection making it impossible to assess the objection's merit. *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 204 (D.N.J. 2015).

The first objection raised timeliness of the requests. They were mailed on October 16, 2017 consistent with the Initial Pretrial Scheduling Order [Doc. 46]. The Deficiency Letter explained the situation but Defendants did not withdraw the objection.

The second objection claimed there were too many interrogatories, they were duplicative, had a "harassing tenor," were disorganized, and sought "thought processes and/or documents behind each factual or legal allegation."

The Deficiency Letter responded to each objection: no party served more than 25 interrogatories directed to any other party; Mr. Hoffman failed to identify any specific requests which were duplicative or had a harassing tone; there is no obligation to organize requests in any order or manner; documents supporting allegations are discoverable; and, thought processes may be relevant to the *scienter* factors for damages under 15 U.S.C. § 1692k(b).

Our Deficiency Letter also cited Fed. R. Civ. P. 33(a)(2) as to the inability to object to interrogatories seeking an opinion or contention that relates to a fact or the application of law to facts.

Again, the supplemental response did not withdraw the second General Objection.

Therefore, we request that the General Objections be overruled.

Case 2:16-cv-08863-WHW-CLW   Document 58   Filed 12/19/17   Page 3 of 4 PageID: 696

The Honorable Cathy L. Waldor, U.S.M.J.                Tuesday, December 19, 2017
*Jorge Matute, et al. vs. A. A. Action Collection Co., Inc., et al.*                page 3

### *Defendants' Compliance with Rule 33 Should Be Compelled.*

Interrogatories "must be answered by the party to whom they are directed." Fed. R. Civ. P. 33(b)(1)(A). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Finally, Rule 33(b)(5) requires the interrogatories be signed by the "person who makes the answers."

Defendants' responses and supplemental responses do not comply with these Rules. No interrogatory is answered separately or fully in writing. Defendants' narrative general responses fail to respond to many of the interrogatories' subjects including facts relevant to Plaintiff's FDCPA claims and their class claims (such as class size and net worth). Had each interrogatory been "answered separately and fully in writing," it would be quite clear whether the answers were responsive.

The responses must also be "under oath." Only Mr. Hoffman signed and immediately above his signature, stated "I certify that the foregoing responses are true to the best of my knowledge, information, and belief, and I am aware that if any are willfully false I am subject to punishment."[1] No interrogatories were addressed to Mr. Hoffman. Thus, none of the responses were made under oath.

To comply, each Defendant should provide a full written response to each interrogatory directed to him or it. In addition, the responses should be signed under oath or in compliance with 28 U.S.C. § 1746.

---

[1] Defendants can make an unsworn declaration compliant with 28 U.S.C. § 1746. Hoffman's statement is not compliant. His statement is materially deficient from a "certification in lieu of affidavit" permitted under New Jersey State Court Rule 1:4-4 which mandates "I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment." The state court formula, however, does not comply with § 1746. *United States v. Branella*, 972 F. Supp. 294, 300 (D.N.J. 1997); *Cooper v. Cape May Cty.*, 175 F. Supp. 2d 732, 742 n.6 (D.N.J. 2001); *Reichert v. Liberty Life Assur. Co.*, 2007 WL 433321, at *9 n. 3 (D.N.J. Feb. 5, 2007); *Brunner v. AlliedSignal, Inc.*, 198 F.R.D. 612, 617 (D.N.J. 2001); *Williams v. U.S. Army Corps of Engineers*, 2007 WL 2261559, at *3 (D.N.J. Aug. 2, 2007), *aff'd* 321 F. App'x 129 (3d Cir. 2009); *Bond v. Taylor*, 2009 WL 2634627, at *2 (D.N.J. Aug. 24, 2009); and, *Platt v. Freedom Mortg. Corp.*, 2010 WL 4810652, at *4 (D.N.J. Nov. 16, 2010).

Case 2:16-cv-08863-WHW-CLW   Document 58   Filed 12/19/17   Page 4 of 4 PageID: 697

The Honorable Cathy L. Waldor, U.S.M.J.                    Tuesday, December 19, 2017
*Jorge Matute, et al. vs. A. A. Action Collection Co., Inc., et al.*                    page 4

### *Defendants Compliance with Rule 34 Should Be Compelled.*

Rule 34(b)(2)(B) requires a response to *each* request for production and the response must either permit production or specify the grounds for any objection. The General Objections were the only objections asserted. As discussed, they should be overruled as none of them justify Defendants' failure to respond as Rule 34 requires.

To comply, Defendants should respond to *each* request by specifically describing each responsive document and stating either where the complete document can be inspected during normal business hours or that a complete copy of the document is provided with the response.

### *Barring Future Objections.*

Rule 33(b)(4) expressly provides that all unasserted objections are waived. Defendants have provided multiple responses and exhausted their opportunities to assert objections. The time has passed to raise objections. Thus, Defendants' responses to each interrogatory and each request for production should be without further objections.

### *Conclusion.*

For these reasons, Plaintiffs and Third-Party Defendants request the entry of an Order providing the relief as set forth in the enclosed proposed Order. We request the deadline for Defendants' responses, which is left blank in the proposed Order, be set so as not to postpone the February 17, 2018 Fact Discovery Deadline. [Doc. 46.]

Thank you for Your Honor's consideration in this matter.

Respectfully,
*s/Philip D. Stern*
Philip D. Stern
*Enclosures*
*via ECF*
cc:     All Counsel via Electronic Filing