# DAVID M. HOFFMAN
COUNSELLOR AT LAW

28 Countryside Drive
Basking Ridge, N.J. 07920
(908) 608-0333
E-MAIL: dhoffman@david-hoffman-esq.com

May 16, 2018

Honorable Cathy L. Waldor, U.S.M.J.
M.L.King, Jr. Federal Courthouse - Room 4040
50 Walnut Street
Newark, New Jersey  07102

Re: Matute v AA Action, Bender, and Bank v Stern, Thomasson
    Case Number: 2:16-cv-08863-WHW-CLW

Dear Judge Waldor:

We respond as succintly as possible to Mr. Thomasson's Motion seeking a Protective Order.

When the May 4 settlement conference was unsuccessful and in preparation for reciprocal Summary Judgment Motions, the Court directed that within 30 days Defendants take the depositions of Doris and Jorge Matute followed by the Plaintiffs taking the depositions of Todd Bank and James Bender, Esq.  It was agreed by the Parties that the Matute depositions and those of Messrs. Bank and Bender could each likely be completed in one day.  Mr. Thomasson indicated he would like the depositions to be taken at the Courthouse, I indicated that I saw no reason to do so; and the Court did not consider or decide the issue.  Prior to my May 9 Deposition Notice, during the week or so before Mr. Thomasson selected 4/18 as the earliest day for the deposition, and until his May 14 telephone call and e-mail; there were no objections to the absolutely pro forma deposition arrangements as detailed in the May 9 Deposition Notice attached hereto.

It is standard procedure for a deponent to be asked to bring to a deposition, documents about which the deposing Party may seek to inquire.  Having the Matute depositions at their Attorneys' offices should make their providing the requisite documents no problem at all.  It is also standard for deponents to be queried outside the presence of other deponents.

There are no grounds for the issuance of a Protective Order.

Respectfully yours,

s/David M. Hoffman_____
David M. Hoffman

DMH/m