UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**CATHY L. WALDOR**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## **LETTER OPINION**

  Re:  **Matute et al. v. A.A. Action Collection Company, Inc. et al.**
      **Civil Action No. 2:16-cv-8863-CLW**

Dear Counsel:

  This matter comes before the Court on Plaintiffs/Counterclaim-Defendants, Jorge Matute and Doris Matute, as well as Third-Party Defendants, Stern Thomasson, LLC, Philip D. Stern, Esq., and Andrew T. Thomasson, Esq. Motion for Summary Judgement pursuant to Federal Rule of Civil Procedure 56. This motion was filed on April 13, 2018 (ECF No. 64). On April 26, 2018 Defendants-Counterclaimants and Third-Party Plaintiffs filed a preliminary response to the motion and a request for an extension of time to respond. This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons below, **GRANTS** the motion.

## **DISCUSSION**

  The facts of this case are virtually identical to those in *Winters, et al. v. Jones et al.*, Civ. No. 16-9020, 2018 WL 326518 (D.N.J. January 8, 2018). Defense counsel in both cases, David Hoffman, filed a claim for RICO violations, fraud, negligence, and malpractice against Plaintiffs' counsel and against Plaintiffs' as co-conspirators. (Brief, ECF No. 64, at 1.) Mr. Hoffman was Plaintiffs' attorney in the *Winters* case where he affirmatively filed suit in response to a class action litigation filed by Defendants under the Fair Debt Collection Practices Act in the District of New Jersey.[1] On a Motion to Dismiss Judge Vazquez found the allegation that just because "lawyers file a large number of [FDCPA] cases" there is some wrongdoing, was "absurd on its face." He ruled that the notion that "when two firms use the same form of pleading, they are engaged in wrongdoing . . . is preposterous." *Winters*, No. Civ. 16-9020, 2018 WL 326518, at *4 (D.N.J. Jan. 8, 2018).

  Defendants-Counterclaimants and Third-Party Plaintiffs' April filing does not put forth any substantive arguments, but rather makes a procedural argument regarding the appropriateness of the motion while also requesting time to file a response to the motion. The respondents never filed any such opposition to the motion and thus failed to put forth a meaningful rebuttal to the Motion for Summary Judgment. From the record before this Court there is no genuine issue of fact because

---

[1] *Chapa v. Turner*, Civ No. 15-3125 (D.N.J. Feb. 17, 2016).

Defendants-Counterclaimants and Third-Party Plaintiffs failed to put forth any proof to oppose movants insufficiency of proof argument. In light of this and the lack of any meaningful substantive differences between this case and *Winters*, this Courts adopts the reasoning set forth in the January 8, 2018 decision in *Winters, et al. v. Jones et al*. As in *Winters* Mr. Hoffman's has made similar unsupported and unsubstantiated allegations in the instant case. Because respondent has failed to rebut movant's argument, with respect to the Counterclaim and Third-Party Complaint there is no showing of a genuine issue of fact and the Motion for Summary Judgement is granted.

## **CONCLUSION**

The Motion for Summary Judgement is **GRANTED**. An appropriate order follows.


**Dated:     July 3, 2017**

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**